McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-MC-00322-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $19,820.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On July 22, 2020, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $19,820.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about September 29, 2020, USPIS received a claim from William Schulz ("Schulz" or "claimant") asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on July 17, 2020, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials identified a

1

parcel that bore markers consistent with parcels used for shipping contraband. The Priority Mail parcel # 9505 5154 4650 0197 6468 19 was addressed to Cory Swift ("Swift") at P.O. Box 580204, Modesto, California, with the following return address: William Schulz ("Schulz"), 4614 Cheyenne Point Trail, Kissimmee, Florida.

4.      The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5.      The United States represents that it could further show at a forfeiture trial that on July 22, 2020, law enforcement contacted Swift, the intended recipient, to request consent to open the parcel mailed to him.  Postal Inspectors sent a text message to the Swift's phone number as Swift's voicemail was not set up.  Inspectors received a reply from Swift requesting them to call him and referencing the parcel tracking number.  Swift stated that the parcel was for his niece and contained clothing and a birthday gift card for her.  Swift gave consent to open the parcel and law enforcement discovered $19,820.00 in cash concealed within a long burlap plastic bag that was sealed with duct tape.  Within the bag were four layers of plastic, vacuum and heat sealed plastic bags containing the defendant currency. The currency consisted mainly of $20 bills, making up $19,640.00 of the $19,820.00.  The parcel did not contain any notes, receipts, or instructions.

6.       The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.      Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. William Schulz hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

///

2

9.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12.     Upon entry of this Consent Judgment of Forfeiture, $11,820.00 of the Approximately $19,820.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,000.00 of the Approximately $19,820.00 in U.S. Currency shall be returned to claimant William Schulz through his attorney Richard Parker.

14.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Schulz waived the provisions of California Civil Code § 1542.

15.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16.     All parties will bear their own costs and attorney's fees.

///

///

///

3

Consent Judgment of Forfeiture

17.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: December 30, 2020

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture